# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:20-cv-00613-RJC

| | |
|---|---|
| **JOHNNY MOBLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary

Judgment.  (Doc. Nos. 13, 16).  Having fully considered the written arguments, administrative

record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social

Security benefits is supported by substantial evidence and will **AFFIRM** the decision.  Accord-

ingly, the Court will **DENY** Plaintiff's Motion for Summary Judgment and **GRANT** Defendant's

Motion for Summary Judgment.

## I.    BACKGROUND

Johnny Mobley ("Mobley") filed this action seeking judicial review of the Commissioner

of Social Security's ("Defendant" or "Commissioner") denial of his social security claim.  Mobley

filed an application for supplemental security income on August 21, 2017, alleging his disability

onset date of November 26, 2015.  (Tr.[1] 15).

In denying Mobley's social security claim, the Administrative Law Judge (the "ALJ")

conducted a five-step sequential evaluation.  (*Id.* at 17-28).  At step one, the ALJ found that Mobley

---

[1]  Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 12.

had not engaged in substantial gainful activity since the application date. (*Id.* at 17). At step two, the ALJ found that Mobley had the following severe impairments: status post aortic root and valve repair, congestive heart failure (CHF), seizure disorder, depression, anxiety and a history of cocaine use disorder in sustained remission. (*Id.*). He found Mobley's neuropathy and chronic back pain to be non-severe. (*Id.* at 17-18). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 18-20). Before moving to step four, the ALJ found that Mobley had the residual functional capacity ("RFC") as follows:

> to perform sedentary work as defined in 20 CFR 416.967(a) except he should avoid hazards such as heights and powerful machinery. The claimant is further limited to simple, routine and repetitive tasks with occasional interaction with the public.

(*Id.* at 20). At step four, the ALJ found that Mobley had no past relevant work, and found at step five that he could perform jobs that existed in significant numbers in the national economy. (*Id.* at 27-28).

After exhausting his administrative remedies, Mobley brought the instant action for review of Defendant's decision denying his application for disability benefits. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION OF CLAIM

Mobley argues the ALJ failed to include in his RFC non-exertional limitations related to Mobley's moderate limitation in concentration, persistence, or maintaining pace ("CPP") and failed to discuss evidence that contradicted the ALJ's conclusion. (Doc. No. 14). Defendant responds that the decision is supported by substantial evidence. (Doc. No. 17).

"The determination of eligibility for social security benefits involves a five-step inquiry." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "The five step inquiry asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of [one of certain listed] impairments . . .; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work." *Id.* at 653 n.1; 20 C.F.R. § 404.1520. Before the fourth step, the ALJ determines the claimant's RFC, which is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c). The ALJ first assesses the nature and extent of the claimant's physical and mental limitations and restrictions and then determines the claimant's RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545(b). The RFC should be assessed "based on all the relevant evidence in [the claimant's] case record" and considering all of the claimant's medically determinable impairments. 20 C.F.R. § 404.1545(a).

"[T]he ability to perform simple tasks differs from the ability to stay on task." *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* However, there is not "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). An ALJ may explain why a limitation related to a claimant's CPP limitations is unnecessary, "[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it" from the RFC. *Id.* Thus, "[w]hen medical evidence demonstrates that a claimant

can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* This inquiry is made on a case-by-case basis. *Shinaberry*, 952 F.3d at 122. So long as an ALJ's RFC assessment is supported by substantial evidence in the record, and other inadequacies in the ALJ's decision do not frustrate meaningful review, an ALJ met his *Mascio* duty. *Mascio*, 780 F.3d at 636 ("[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."). Thus, remand for lack of discussion is appropriate only if the ALJ's opinion is "sorely lacking in a manner that frustrates meaningful review." *Hubbard v. Berryhill*, No. 3:17-CV-677, 2018 WL 3744017, at *6 (W.D.N.C. Aug. 7, 2018) (internal quotations omitted).

> With regard to Mobley's concentrating, persisting, or maintaining pace the ALJ concluded:
>
> [T]he claimant has a moderate limitation. The claimant reported having auditory hallucinations. During the consultative examination performed in January 2018, the claimant demonstrated low frustration tolerance during portions of the formal cognitive examination. He performed simple additions slowly, but correctly.

(Tr. 19). The ALJ completed a thorough analysis of Mobley's medical records related to his mental impairments and relevant limitations. He observed the medical records showed at times Mobley reported hallucinations while at other times he denied hallucinations. While Mobley was incarcerated in February 2016 to 2017, he denied hallucinations and his "attention and concertation were good" and none of the prison records showed any significant or persistent changes in these findings. (Tr. 23). In September 2017, the "claimant's cognitive functions were within normal limits with no evidence of a memory impairment." (*Id.*). The ALJ discussed in detail Dr. Steinmuller's psychological examination from 2018, which noted Mobley "demonstrated low

frustration" and "it seemed likely the claimant would have difficulty tolerating the stress and pressures associated with day-to-day work and difficulties relating to others," but that despite this Mobley "was able to understand directions." (*Id.* at 25-26). Additionally, the ALJ considered the state agency psychologists' findings which "opined that the claimant was limited to performing and persisting at tasks that could be learned in one month on the job with reduced public contact." (*Id.* at 26). The ALJ also considered Mobley's activities of daily living and concluded they support that Mobley is "capable of performing sustained work activities," including going to the grocery store with elderly family members, watching television, spending time with his children, and engaging with members of his lodge, and that Mobley can take care of his basic personal care needs, think, communicate, and act in his own interest. (*Id.* at 24-25).

Based on this, the ALJ acknowledged Mobley has moderate difficulty persisting or maintaining pace; however, concluded his "mental health limitations do not preclude all work activity." (*Id.* at 24). Finally, the ALJ noted on multiple occasions that the evidence showed Mobley's symptoms "were adequately controlled with medication and he exhibited no more than mild to moderate abnormalities" and that "when the claimant is actively engaged in regular and consistent mental health treatment, his functioning vastly improves." (*Id.* at 24); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). Here, unlike *Mascio*, the ALJ did not ignore, without explanation, Mobley's moderate limitation in concentration, persistence, or pace when conducting the RFC analysis and the resulting hypothetical was proper. *Shinaberry*, 952 F.3d 113, 121 (4th Cir. 2020). Additionally, the ALJ "buil[t] an accurate and logical bridge from the evidence to his conclusion" and discussed contradictory evidence to his conclusion, which is supported by

substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Accordingly, the Court will affirm the Defendant's decision to deny Plaintiff social security benefits.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**;

2. Defendant's Motion for Summary Judgment (Doc. No. 16) is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

    The Clerk is directed to close this case.

    **SO ORDERED**.

Signed: March 23, 2022

Robert J. Conrad, Jr.
United States District Judge